UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIUS MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO:**     **10-1597** |
| **KEVIN FASCIO, ET AL.** | **SECTION: "C" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is **Motion to Dismiss Defendants Johnson, Gordon, and Threeton Pursuant to 12(B)(6) (R. Doc. 9)**, filed by the Defendants Edward Johnson ("Johnson"), Will Gordon ("Gordon"), and Mike Threeton ("Threeton") (collectively, "the Defendants")[1], seeking to dismiss Plaintiff, Julius Miller's ("Miller"), Complaint. Miller opposes the motion. (R. Doc.17.) The Defendants filed a supplemental memorandum in support of their motion. (R. Doc. 20.) Julius filed a supplemental memorandum in support of his opposition. (R. Doc. 23.) The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1E(A) for the submission of proposed findings and recommendations. The motion was heard on the briefs on Wednesday, July 21, 2010.

**I.**     **Background**

This is a same sex harassment case filed by the Plaintiff against his employer, his employer's

---

[1]There are three other Defendants in the underlying matter, Kevin Fascio, Loews New Orleans Hotel Corporation, and ABC Insurance Company identified in the record as Unidentified Party. However, these defendants are not a party to the instant motion. Therefore, the instant Report and Recommendation deals solely with whether the claims asserted against Johnson, Gordon, and Threeton should be dismissed.

insurance company, his supervisors, and the alleged harasser. The Plaintiff, Miller, was employed as a valet attendant by the Loews Hotel in New Orleans, Louisiana from June 16, 2008, until May 1, 2009. (R. Doc. 1-1, ¶ VI.) He was nineteen years old at the time. Miller asserts that during his tenure with the Loews Hotel, he was a victim of ongoing sexual harassment by Kevin Fascio ("Fascio"), an employee of the Loews's Security Department. *Id.* Miller asserts that Fascio stared and leered at him, made sexual advances, inquired into his personal sexual life, made sexually suggestive remarks, left sex toys in the seat of his car, repeatedly told him that men are a better sexual preference, and showed him pornographic pictures on his cellular phone. (R. Doc. 1-1, ¶ 1-1.)

Miller filed his initial petition for damages in the Civil District Court for the Parish of New Orleans on April 12, 2010. On April 14, 2010, Miller filed an amended petition for damages. The case was removed to the Eastern District of Louisiana on May 28, 2010.

Miller contends that he repeatedly reported Fascio's sexual harassment to his supervisors, including Johnson, the valet supervisor, Gordon, the head bellman, and Threeton, the individual in charge of security for the Loews. (R. Doc. 1-1, ¶¶ I, IX.) However, the Plaintiff contends that the Defendants failed to take any action or make any further investigation of Fascio's conduct. (R. Doc. 1-1, ¶ X.) As a result, Miller contends that Fascio's sexual harassment did not cease.

Miller contends that the Defendants should be held liable for Fascio's harassment because it resulted solely from the negligence, intentional acts, and/or breaches of duties to Fascio.[2] (R. Doc. 1-1, ¶ XI.) Specifically, Miller contends that the Defendants acted beyond their authority with false

---

[2]Miller also contends that Loews should be held liable for their failure to properly supervise its employees, failing to provide a safe work environment, negligent hiring, and other claims. (R. Doc. 1-1, ¶ XI, E.) Claims were also asserted against the harasser, Fascio, however he has not yet been served. Miller has shown cause for his failure to serve Fascio, and the Court has ordered him to serve Fascio no later than October 15, 2010. (R. Doc. 26.)

or reckless abandon, failed or refused to take proper timely action against Fascio, and were completely indifferent to the ongoing harassment despite actual knowledge of the harassment under color of law, misuse of their position of authority, and any other negligent or intentional acts to be brought forth at trial. (R. Doc. 1-1, ¶ XI, B-D.) Miller also contends that he was subject to a hostile work environment resulting from the Defendant's failure to report and/or prevent Fascio's sexual harassment against the Plaintiff.

As to the present motion, the Defendants request that they be dismissed from the underlying suit because Miller failed to state a claim for which relief may be granted under Federal Rule of Civil Procedure ("Rule") 12 (b)(6). Specifically, the Defendants contend that they are simply co-workers of Miller, they did not commit the harassment in question, and they did not hire Miller. (R. Doc. 9, p. 1.) The Defendants further claim that any negligence action against the Defendants is barred by the "exclusive remedy provision of the Louisiana Workers' Compensation Act." (R. Doc. 9, p. 1.)

Miller contends that the Defendants are liable for Intentional Infliction of Emotional Distress or Negligent Infliction of Emotional Distress for their failure to prevent Fascio's sexual harassment. He further asserts that the Loew's employee handbook creates a duty to Miller by the Defendants that was breached.

**II.    Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides that, in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss for failure to state a claim pursuant to

Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464 (5th Cir.2004)(*quoting Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

"[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).[3] Pursuant to Rule 12(b)(6), the motion to dismiss shall be treated as a motion for summary judgment.

### III. Analysis

#### A. Title VII & Louisiana Employment Discrimination Law

Miller's Amended Petition for Damages does not provide the specific statutes under which he seeks relief.[4] However, Miller does contend in his Amended Petition for Damages that the harassment created a hostile working environment. (R. Doc. 1-1, p. 5.) A hostile work environment claim falls under both Title VII and the Louisiana Employment Discrimination Law.

The Defendants contend that Miller cannot assert a Title VII or Louisiana Employment

---

[3] Judge Duval noted in *In re Katrina Canal Breaches Consol. Litigation*, No. 05-4182, 2008 WL 4449970 (E.D. La. Sept. 29, 2008) that the Supreme Court abrogated the often cited "no set of facts" language in *Conley,* commenting that the case has been frequently mis-characterized as setting forth a minimum pleading standard when it was simply "describ[ing] the breadth of opportunity to prove what an adequate complaint claims." *Twombly,* 127 S.Ct. at 1968. In other words, the *Twombly* court reads *Conley* as standing for the proposition that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* (citing *Sanjuan v. American Bd. of Psychiatry and Neurology,* 40 F.3d 247, 251 (7th Cir.1994)(once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). Thus, rejecting the *Conley* "no set of facts" test, the *Twombly* court employs a plausibility standard for scrutinizing the sufficiency of pleadings in the context of Rule 12(b)(6) motion.

[4] In his original petition for damages, Miller specifically makes a Title VII and Section 1983 claim. However, his amended petition for damages contains no specific allegations. (*See* R. Doc. 1-1, pp. 14-15, ¶¶ XIII, XIV.)

Discrimination Claim against them because neither statute permits recovery against an individual. (R. Doc. 9-1, p. 3.) They further assert that because they are not Miller's employer, they are exempt from liability.

Because the Louisiana Worker's Compensation act is similar in scope to the federal anti-discrimination prohibitions in Title VII, "Louisiana Courts have routinely looked to the federal jurisprudence for guidance in determining whether a hostile work-environment claim based on sexual harassment has been asserted." 993 So.2d 644, 648 (La. App. 1st Cir. 2008); *see also Chaney v. Home Depot, USA, Inc.,* 940 So.2d 18, 21-22, *writ denied* 942 So.2d 559; *St. Romain v. State, Through the Dept. of Wildlife and Fisheries*, 863 So.2d 577, 587 *writ denied*, 871 So.2d 348; *Hicks v. Central Louisiana Elec. Co., Inc.*, 712 So.2d 656, 658 (La. App. 1st Cir. 1998.)

In order to establish the elements of a hostile work environment claim under both statutes, the plaintiff must show: (1) that he or she belongs to a protected class; (2) that he or she was subject to unwanted sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. Under Fifth Circuit precedent, if the alleged harasser is a supervisor with authority over the plaintiff, then the plaintiff must only establish the first four elements. *Troxclair v. Patrick F. Taylor Foundation*, 2008 WL 3559474 (E.D. La. Aug. 12, 2008) *citing Mire v. Tex. Plumbing Supply Co., Inc.,* No 07-20738, 2008 WL 2704573, at *2-3 (5th Cir. July 10, 2008)(citations omitted.) In order to prove the fourth element, namely that the harassment affected a condition or privilege of employment, the plaintiff must demonstrate that the conduct of the defendants was "severe or pervasive." Furthermore, the conduct in question must be both "subjectively and objectively offensive." *Id.*

An individual may not be held liable under Title VII unless that individual otherwise meets the definition of employer.[5] *Ross v. Wald Moving and Storage Servs.*, 1999 WL 706057 (5th Cir. 1999.) The Fifth Circuit has rejected the argument that the definition of an employer includes an agent of an employer finding that the purpose of the "agent" provision in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII, and not to impose individual liability for an agent of the employer. *Id.*

"Under Louisiana law, it is unlawful for an *employer* to discriminate against an employee on the basis of race." *Wright v. Sears Roebuck & Co.*, 2010 WL 148173 at *3 (W.D. La. Jan. 12, 2010)(emphasis in original); *see also* La. R.S. 23:332. Louisiana law defines an employee as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return giving compensation of any kind to an employee . . . ." La. R.S. 23:302(2). If an individual defendant does not meet the definition of an employer, the defendant is not subject to liability in either their personal or their professional capacities under the Louisiana Employment Discrimination Law. *Wright,* 2010 WL 148173 at *3, *see also Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 185, 1998-1805 (La. 1999)(individual defendants

---

[5]Title VII states:
**(b)** The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C.A. § 2000e.

dismissed where they established that they were not employers).

Here, Miller has not asserted that the Defendants were his employer. Further, there is nothing in the Amended petition that would indicate that any of the Defendants were Miller's employers pursuant to applicable law. Instead, the Amended Petition asserts that the Defendants had a supervisory role over Miller. In fact, the Amended Petition specifically identifies Loews as both Miller's and the Defendant's employer.[6] Therefore, it is clear from the four corners of the Amended Petition for Damages that the Defendants were not Miller's employer. Because each statute precludes individual liability and only permits recovery against an employer, the Court recommends that Miller's hostile work environment claim under Title VII and the Louisiana Employment Discrimination Law against Defendants Johnson, Gordon, and Threeton be dismissed.

**B.      Section 1983 Claim**

Although Miller fails to specifically identify Section 1983 as a cause of action in his Amended Petition for Damages, Miller contends that the Defendants failed to take proper timely action against Fascio in response to his sexual harassment complaints "under color of law." (R. Doc. 1-1, p. 6. ¶¶ B(b); C(b); D(b).). The use of the term "under color of law" indicates a Section 1983 action. The Defendants do not specifically contest this claim.

Section 1983 creates a cause of action against "every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (2006). To state a claim under § 1983, a plaintiff "must demonstrate that the defendant deprived them of their 'rights, privileges, or immunities secured by

---

[6]*See* (R. Doc. 1-1, pp. 3-4)("Loews New Orleans Hotel Corp . . . [at] all relevant times hereto was the employer of Julius Miller and the defendants, Kevin Fascio, Edward Johnson, Will Gordon, and Mike Threeton . . . .")

the Constitution' under color of state law.'" *Lindsey v. Detroit Entm't, LLC,* 484 F.3d 824, 827 (6th Cir. 2007) (quoting § 1983 ). As a general rule, "Section 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities." *Id.* The "ultimate issue" in determining whether a private party is subject to suit under § 1983 is whether "the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982) (quotations omitted).

Here, there is no indication in Miller's Amended Petition that the Defendants are state actors. There are also no allegations that the Defendants performed a public function of any governmental agency. Instead, the Amended Petition indicates that the Defendants were employees of Loews, a private entity. As there is no basis to find that the Defendants were state actors, the Court recommends that Miller's Section 1983 claim against the Defendants Johnson, Gordon, and Threeton be dismissed.

### C. Negligence

The Amended Petition for Damages contains a general allegation of negligence against the Defendants. Specifically, the Amended Petition asserts a claim for "any other negligence . . . brought forth at trial." (R. Doc. 1-1, ¶ XI, B(d); C(d), D(d).) In his memorandum in opposition to the instant motion, Miller contends that he is asserting a claim for Negligent Infliction of Emotional Distress against the Defendants for their failure to report Fascio's alleged sexual harassment. (R. Doc. 23, p. 1.)

The Defendants contend that Miller cannot properly bring any negligence claim, including a claim for Negligent Infliction of Emotional Distress, against them. Specifically, they assert that negligence actions are precluded under the Louisiana Worker's Compensation Act's ("LWCA")

8

Exclusive Remedy Provision. (R. Doc. 20, p. 3.)

The LWCA provides that if an employee, "receives personal injury by accident arising out of and in the course of his employment," the employer is obligated to pay compensation to the employee. La.Rev.Stat. Ann. § 23:1031(A)(1998). The LWCA provides the "exclusive remedy" against employers and employees of such employers. La.Rev.Stat. Ann. § 23:1032(A). Indeed, the LWCA provides in pertinent part:

> (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute. . . .
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or officer, director, stockholder, partner, *or employee of such employer* . . . .

Although the statute specifically prescribes recovery for negligence claims against a fellow employee, the statute applies only to "personal injuries." According to the LWCA, personal injuries are "injuries by violence to the physical structure of the body and such disease or infection as naturally resulted therefrom. These terms shall in no case be construed to include any other form of disease or derangement however caused or contracted." LA R.S. 23:1032 § 1021 (8)(a). Further, "mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable . . . unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence." " LA R.S. 23:1032 § 1021 (8)(b).

Here, Miller is making a claim for a mental injury arising from sexual harassment in the workplace. It is clear from the four corners of the Complaint that this alleged harassment was repetitive and continuous. Thus, there was no sudden action which may have resulted in mental stress that would be compensable under the LWCA. *See, e.g., Richardson v. Home Depot USA*, 808 So.2d 544 ("Although the worker's compensation judge was "convinced" [the Plaintiff's] problems were cause from the stress of her job, the court found [the Plaintiff] failed to prove that her job stress was "sudden, unexpected and extraordinary.") Because Plaintiff's alleged work related injuries are not covered by the LWCA, the exclusive remedy provision does not apply. Therefore, the Court recommends that Johnson, Gordon, and Threeton's request to dismiss Miller's negligence claims be denied.

### D. Intentional Infliction of Emotional Distress

Miller does not specifically make an allegation for intentional infliction of emotional distress ("IIED") in his amended petition for damages. However, Miller's Complaint does assert that he has suffered emotional trauma, and mental anguish as a result of the Defendant's actions. (*See* R. Doc. 1-1, ¶ XII (B), (C))  Further, he asserts that he is bringing a claim for "any other . . . intentional acts brought forth at trial." (R. Doc. 1-1, ¶ XI, B(d); C(d), D(d).)  Therefore, the Complaint sufficiently notifies the Defendant of the intent to bring a claim for IIED.

The Defendants contend that they are not liable for IIED because Miller does not allege a pattern of deliberate, repeated harassment by the Defendants. On the contrary, such deliberate, repetitive harassment is alleged to have been a result of Fascio's actions. Further, the Defendants assert that no court has extended the liability for IIED resulting from sexual harassment against an individual who was neither the harasser nor the employer of the alleged victim. (R. Doc. 20, p. 2.)

As the Louisiana Supreme Court has recognized, the basis for the tort of IIED in Louisiana is LA. C.C. art. 2315. *Nicholas v. Allstate Ins. Co.*, 1999-2522 (La. 08/31/00), 765 So.2d 1017, citing, *White v. Monsanto*, 585 So.2d 1205 (La. 1991). In order to recover for IIED, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Id.*, at 1022. Although recognizing a cause of action for IIED in a work place setting, this state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time. *Id.*, at 1026-27, citing *White*, 585 So.2d at 1205; *Maggio v. St. Francis Med. Ctr., Inc.,* 391 So.2d 948 (La.App. 2d Cir. 1980), *writ denied*, 396 So.2d 1351 (La. 1981). The distress suffered by the employee must be more than a reasonable person could be expected to endure. Moreover, the employer's conduct must be intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry. *Id.*, at 1027, citing *White*, 585 So.2d at 1210.

Neither party has pointed the Court to any case law which either permits or prohibits recovery against a supervisor for IIED. Further, in the Court's extensive research on the matter, it has been unable to find case law on point which affirmatively precludes IIED liability of a supervisor for their subordinates' actions. Therefore, the Defendants have not demonstrated that Miller has failed to state a claim for which relief may be granted. Therefore, the Court recommends that Threeton, Gordon, and Johnson's request to dismiss Miller's claim for intentional infliction of emotional distress be denied.

**IV.     Recommendation**

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Defendants Johnson, Gordon, and Threeton Pursuant to 12(B)(6) (R. Doc. 9)** be **GRANTED** in part and **DENIED** in part**.**

- **IT IS RECOMMENDED** that Defendant's Johnson, Gordon, and Threeton's request to dismiss the Title VII, Louisiana Employment Discrimination Law, and Section 1983, for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) be **GRANTED**.

- **IT IS RECOMMENDED** that Defendants Johnson, Gordon and Threeton's request to dismiss the negligence and Intentional Infliction of Emotional Distress allegations be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of November 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**